IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DARLENE CHRISTIAN MEDLEY | ) CASE NO. 05-12299 |
| RODNEY LEE MEDLEY | ) |
|    Debtors. | ) Chapter 7 |
| | ) |

## MEMORANDUM OPINION

The issue in this matter is whether Gordon L. Gooch ("Mr. Gooch"), a bankruptcy petition preparer, violated Section 110 of the Bankruptcy Code and North Carolina law by preparing documents for filing in the above-captioned Chapter 7 bankruptcy.

Mr. Gooch chose not to attend the show cause hearing in this matter, held on October 13, 2005, in Greensboro, North Carolina. After hearing the evidence presented by the Bankruptcy Administrator, the Court took the matter under advisement. After reviewing the evidence and the relevant law, the Court finds that Mr. Gooch has engaged in the unauthorized practice of law as defined in North Carolina and thereby violated Section 110(i)(1) of the Bankruptcy Code. Based on evidence presented at the hearing, the Court will take the following actions: (1) Mr. Gooch will be fined for each violation of Section 110; (2) Mr. Gooch will be ordered to disgorge the $124.95 fee that he charged the Debtors for his services; (3) Mr. Gooch will be enjoined from preparing any documents to be filed with this Court on behalf of any person other than himself; and (4) this Court will certify to the United States District Court for the Middle District of North Carolina (the "District Court") that Mr. Gooch has committed a fraudulent, unfair, or deceptive act. The Court will also send a copy of this opinion to the Guilford County District Attorney's Office in Greensboro, North Carolina, to determine if criminal prosecution is warranted for the unauthorized practice of law.

## JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2)(A), which this Court may hear and determine except for any matters that should be certified to the District Court pursuant to Section 110 (i)(1).

**BACKGROUND**

Mr. Gooch operates a bankruptcy petition preparer website. The above-referenced debtors (the "Debtors"), after consulting an attorney and determining that they could not afford to hire an attorney, decided to search the internet to find a less expensive means of filing bankruptcy. After several online searches, the Debtors found a website operated by Mr. Gooch. After reviewing the website, the Debtors agreed to pay Mr. Gooch $124.95 to complete their bankruptcy petition and the accompanying schedules and forms. Under the agreement, the Debtors were required to type in all of their financial information on forms provided by Mr. Gooch's website. Mr. Gooch agreed to transfer the information provided by the Debtors onto the official bankruptcy forms and mail the completed petition back to the Debtors for filing. On at least one occasion, the Debtors telephoned Mr. Gooch to ask a follow-up question regarding a creditor that the Debtors had failed to list on their creditor matrix.

**DISCUSSION**

The Bankruptcy Administrator requested that Mr. Gooch appear at a show cause hearing to determine, inter alia, if Mr. Gooch had engaged in the unauthorized practice of law, engaged in any deceptive act, or charged an excessive fee for preparation of the Debtors' Chapter 7 bankruptcy petition.

**A. Unauthorized Practice of Law**

The Bankruptcy Administrator argues that Mr. Gooch engaged in the unauthorized practice of law when he used his discretion, experience, and/or knowledge to answer the Debtors' questions regarding a creditor that the Debtors failed to list in their Chapter 7 bankruptcy petition. Specifically, the Bankruptcy Administrator asserts that Mr. Gooch's response to the female Debtor's question provided something more than a mere typing service. Persons other than members of the North Carolina State Bar are prohibited from practicing law in this State. N.C. Gen. Stat. § 84-4. The practice of law specifically includes performing any legal service for another person, preparing petitions, or assisting by advice, counsel, or otherwise in any legal work. N.C. Gen. Stat. § 84-2.1.[1]

---

[1] N.C. Gen. Stat. § 84-2.1 provides:
The phrase "practice law" as used in this Chapter is defined to be performing any legal service for any other person, firm or corporation, with or without compensation,

A person who engages in the unauthorized practice of law is subject to criminal prosecution for a class 1 misdemeanor, N.C. Gen. Stat. § 84-8, which is prosecuted by the local district attorney. N.C. Gen. Stat. § 84-7 ("The district attorney ... shall ... indict any person ... upon the receipt of information of the violation of the provisions of G.S. 84-4 ...."); Disciplinary Hearing Comm'n of the N.C. State Bar v. Frazier, 556 S.E.2d 262, 264 (N.C. 2001)(criminal sanctions for the unauthorized practice of law are under the exclusive control of the district attorneys). See also In re Losee, 195 B.R. 785, 786 (Bankr. M.D. Fla. 1996)(whether or not the petition preparer is guilty of the unauthorized practice of law was a question for the Florida Supreme Court on recommendation of the Florida Bar – the determination of guilt is not an issue for the bankruptcy court).

Notwithstanding the nature of the statutory criminal penalties for engaging in the unauthorized practice of law, a bankruptcy court has the power to regulate the practice of law in the cases before it. United States v. Johnson, 327 F.3d 554, 560 (7th Cir. 2003)("[A] federal court's power to regulate and discipline attorneys ... extends to conduct by nonlawyers amounting to the practice of law without a license .... the fact that state law provides penalties for the unauthorized practice of law does not limit ... a federal court's exercise of the inherent power to address the same problem."), cert. denied sub. nom., Robinson v. United States, __, U.S. __, 124 S. Ct. 1087, 157 L. Ed. 2d 900 (2004); Lucas v. Nickens (In re Lucas), 312 B.R. 559, 573-74 (Bankr. D. Md.

---

specifically including the preparation or aiding in the preparation of deeds, mortgages, wills, trust instruments, inventories, accounts or reports of guardians, trustees, administrators or executors, or preparing or aiding in the preparation of any petitions or orders in any probate or court proceeding; abstracting or passing upon titles, the preparation and filing of petitions for use in any court, including administrative tribunals and other judicial or quasi-judicial bodies, or assisting by advice, counsel, or otherwise in any legal work; and to advise or give opinion upon the legal rights of any person, firm or corporation: Provided, that the above reference to particular acts which are specifically included within the definition of the phrase "practice law" shall not be construed to limit the foregoing general definition of the term, but shall be construed to include the foregoing particular acts, as well as all other acts within the general definition. The phrase "practice law" does not encompass the writing of memoranda of understanding or other mediation summaries by mediators at community mediation centers authorized by G.S. 7A-38.5.

2004)(same). Moreover, ensuring that non-attorneys do not engage in the practice of law is a core matter under 28 U.S.C. § 157(b)(2)(A) inasmuch as policing "professionals" to whom debtors pay to render services in connection with a case is a matter that intimately "concerns the administration of an estate." See also 11 U.S.C. § 110(k) (nothing in § 110 regulating the practices of petition preparers is to be "construed to permit activities that are otherwise prohibited by law, including rules and laws that prohibit the unauthorized practice of law."); McDow v. We the People Forms & Serv. Ctrs., Inc. (In re Douglas), 304 B.R. 223, 232 (Bankr. D. Md. 2003)("There can be no more fundamental exercise of core subject matter jurisdiction by the bankruptcy court than its policing of professionals whom debtors pay to render services in connection with their cases.").

Having determined that this Court has the power to prohibit the unauthorized practice of law in cases that arise before it, the Court must now determine whether Mr. Gooch conducted activities that constitute the unauthorized practice of law.

Not all activities of a petition preparer will constitute the practice of law inasmuch as Section 110(a) and (h) implicitly allow a person to prepare bankruptcy documents for signing and even allow that person to receive reasonable compensation for providing that service. The practice of preparing bankruptcy petitions, however, is perilous to the non-attorney because once the preparer exceeds the bounds of being a mere scrivener – to exercise discretion in providing guidance or advice – the preparer is in contravention of state laws regulating the practice of law. In re Schneider, 271 B.R. 761, 764-65 (Bankr. D. Vt. 2002)(the petition preparer "moves at his or her own peril when performing any services beyond that of simply typing the information provided by a prospective debtor on approved bankruptcy forms."). See also In re Graham, Nos. 02-81930C-7D, 02-82065C-7D, 2004 Bankr. LEXIS 1678 at *25-26 (Bankr. M.D.N.C. 2004)(same); In re Guttierez, 248 B.R. 287, 298 (Bankr. W.D. Tex. 2000)(same). Thus, a petition preparer engages in the unauthorized practice of law when the preparer chooses the forms for a debtor and directs their completion. Taub v. Weber, 366 F.3d 966, 969 (9th Cir. 2004)(rejecting an argument that the preparer simply followed the instructions on the official bankruptcy forms and was acting as a simple layman without exercising discretion, finding that the preparer exercised his "professional judgment" to address his customer's individual needs); Guttierez, 248 B.R. at 297-98 (even telling the debtor where the information goes on the official forms is not permitted under the applicable unauthorized practice

of law statute).

Mr. Gooch signed a declaration certifying that he was a petition preparer. The female Debtor testified that she typed all of their financial information onto forms provided by Mr. Gooch's website. Because Mr. Gooch advised the Debtors about their failure to list a creditor on the matrix[2] and because Mr. Gooch at all times maintained information on his website regarding the filing of a bankruptcy petition, including a "frequently asked questions" section explaining legal options and legal concepts exclusively related to bankruptcy[3], the Court is convinced that Mr. Gooch did not act as a mere scrivener and that he engaged in the practice of law.

**B. Deceptive Acts**

The Bankruptcy Administrator requested a show cause order, in part, to determine if Mr. Gooch had engaged in any deceptive act or practice proscribed by Section 110(i) of the Bankruptcy Code, which states that "if a bankruptcy petition preparer ... commits any fraudulent, unfair, or deceptive act, the bankruptcy court shall certify that fact to the district court ...." An "unfair" or "deceptive act" is not specifically defined in the Bankruptcy Code, but under North Carolina law, an act is "deceptive if it has the tendency to deceive." Gray v. North Carolina Ins. Underwriting Ass'n, 529 S.E.2d 676, 681 (N.C. 2000). "Deceit" is defined as "the act of intentionally giving a false impression." Black's Law Dictionary 435 (8th ed. 2004). By analogy, a party states a cause of action under North Carolina law for a violation of the unfair and deceptive trade practices statute when: (1) the party shows an unfair or deceptive act, (2) in or affecting commerce, which (3) proximately caused injury to the complaining party. Country Club of Johnson County, Inc. v. U.S. Fid. & Guar. Co., 563 S.E.2d 269, 278 (N.C. 2002). See also N.C. Gen. Stat. § 75-1.1 ("[U]nfair or deceptive trade practices in or affecting commerce, are declared unlawful.").

A petition preparer who engages in the unauthorized practice of law commits an unfair or deceptive act pursuant to Section 110(i), and that conduct may also subject the petition preparer to an injunction under Section 110(j) for engaging in "fraudulent, unfair or deceptive conduct." E.g.,

---

[2] The female Debtor testified that Mr. Gooch informed her that leaving a creditor off the Debtor's bankruptcy petition was not a problem and could be easily corrected.

[3] Mr. Gooch's website also contained reassuring albeit misleading statements such as, "We will be here with support for you throughout the process."

In re Moore, 283 B.R. 852, 857 (Bankr. E.D.N.C. 2003)("[T]he giving of legal advice by a non-attorney constitutes an unfair practice and may be a criminal act .... courts ... have the ability to enjoin unfair and deceptive acts."); In re Davenport, No. 99-01068-5-ATS, 1999 Bankr. LEXIS 2003 (Bankr. E.D.N.C. 1999)(stating that unfair and deceptive acts included "assisting the debtor in selecting exemptions ... and advising the debtor on how to treat her secured claims," and that the petition preparer committed a fraudulent, unfair, and deceptive act by giving legal advice to a debtor). Some courts have determined that the unauthorized practice of law is by definition an unfair and deceptive act. Moore v. Jencks (In re Moore), 232 B.R. 1, 8 (Bankr. D. Me. 1999)("I hold without qualification that a bankruptcy petition preparer's unlawful dispensation of legal advice constitutes a 'fraudulent, unfair, or deceptive act' within the meaning of § 110(i)(1)."). Others have required some other culpability on behalf of the petition preparer. In re Chamberland, 190 B.R. 972, 978 (Bankr. M.D. Fla. 1996)(approving a request to certify the record to the Florida Bar to investigate the unauthorized practice of law, but denying certification under § 110(i) because the evidence did not support the findings that the petition preparer engaged in a fraudulent, unfair, or deceptive act). Under either standard, Mr. Gooch's conduct constitutes a deceptive act.

As explained above, Mr. Gooch has engaged in the unauthorized practice of law before this Court. Thus, Mr. Gooch committed a deceptive act within the meaning of Section 110(i).

**C. Excessive Fees**

The Bankruptcy Administrator argues that the fees that Mr. Gooch charged the Debtors were in excess of the fees allowed for typing services in this jurisdiction.

Section 110(h)(2) provides that a court "shall disallow and order the immediate turnover to the bankruptcy trustee of any fees ... found to be in excess of the value of services rendered for the documents prepared." The petition preparer has the burden of proving the reasonableness of the fees charged. Bodenstein v. Shareef (In re Steward), 312 B.R. 172, 175-76 (Bankr. N.D. Ill. 2004); In re Graham, No. 02-81930C-7D, 2004 Bankr. LEXIS 1678 at *27 (Bankr. M.D.N.C. 2004); In re Haney, 284 B.R. 841, 850-51 (Bankr. N.D. Ohio 2002).

Since a petition preparer can only provide services such as typing forms after a prospective debtor has made the decision to file a bankruptcy case, typing is the only service for which a petition preparer is entitled to compensation. This district uses the analogy that the fee that is proper for a

petition preparer is analogous to what a professional typist would charge because their services are most comparable to what a petition preparer is authorized to do. Graham, 2004 Bankr. LEXIS 1678 at *29; In re Moore, 283 B.R. 852, 859 (Bankr. E.D.N.C. 2002). Approximately $80.00 is reasonable compensation for typing a bankruptcy petition in this district. Graham, 2004 Bankr. LEXIS 1678 at *29 (finding that $80.00 was the appropriate sum taking into account that the case prepared was "routine" inasmuch as the debtor had no real property, very little personal property, and relatively few debts). Had Mr. Gooch acted appropriately as a petition preparer and not as a practitioner of the law, the Court would have reduced Mr. Gooch's fees from $124.95 to $80.00 inasmuch as, like the debtor in Graham, the Debtors in this case have no real property, relatively little personal property, and relatively few debts, none of which required extensive typing services.[4]

The Court notes, however, that a contract to provide legal services by one who is not licensed to practice law is against public policy and void. See, e.g., Pryor v. NCAA, 288 F.3d 548, 570 (3rd Cir. 2002)(providing that courts will not enforce contracts that are contrary to public policy, such as when a contract term contravenes a principle of law enumerated by the Constitution, state, or federal law). See also Restatement (Second) Contracts § 178 ("A promise or other term of an agreement is unenforceable on grounds of public policy if legislation provides that it is unenforceable or the interest in its enforcement is clearly outweighed in the circumstances by a public policy against the enforcement of such terms."). A party rendering performance of a contract that is void for public policy reasons generally is not entitled to restitution. Restatement (Second) Contracts § 197 ("[A] party has no claim in restitution for performance that he has rendered under or in return for a promise that is unenforceable on grounds of public policy unless denial of restitution would cause disproportionate forfeiture.").

Here, the Bankruptcy Administrator, who has the statutory right, pursuant to Section 307 of the Bankruptcy Code, to appear and be heard on any issue, questioned the validity of Mr. Gooch's fees and demonstrated that Mr. Gooch's contract with the Debtors is in contravention of North Carolina's unauthorized practice of law statute. Because Mr. Gooch's petition preparer contract with

---

[4] The Debtors themselves typed their financial information onto Mr. Gooch's website, which raises the question of whether Mr. Gooch did any typing at all. Since the record does not reveal whether Mr. Gooch performed any typing in this process, the Court will not address this issue.

the Debtor is void in contravention of public policy, the fee rendered is per se excessive. See, e.g., Taub, 366 F.3d at 968, 971 (affirming an order of the bankruptcy court disgorging fees earned in the unauthorized practice of law); Brown v. Goode, Peterson & Hemme (In re Brown), 270 B.R. 43, 52 (Bankr. D. S.C. 2001)(ordering disgorgement because it would be anomalous to permit the defendant to retain a fee for unauthorized services). See also In re Chojecki, No. 99-18145, 2000 U.S. Dist. LEXIS 6962 at *9 (E.D. Pa. 2000)("Once a [bankruptcy] court determines that a non-attorney has engaged in the unauthorized practice of law, it may order disgorgement of all fees resulting from the unlawful practice."); Patton v. Scholl, No. 98-5729, 1999 U.S. Dist. LEXIS 9607 at *35-36 (E.D. Pa. 1999)(same); Tighe v. Mora (In re Nieves), 290 B.R. 370 , 379-80 (Bankr. C.D. Cal. 2003)(same); Staiano v. File Aid (In re Bradshaw), 233 B.R. 315, 330 (Bankr. D. N.J. 1999)(same); In re Soulisak, 227 B.R. 77, 82 (Bankr. E.D. Va. 1998)(same). Mr. Gooch did not appear at the show cause hearing to defend his fee and has made no showing that disgorgement of his fee would cause a disproportionate forfeiture in comparison with the services that he rendered to the Debtors. For this reason, the Court finds Mr. Gooch's $124.95 fee to be excessive under Section 110(h)(2).

**D. Disgorgement and Referrals**

Having determined that Mr. Gooch engaged in the unauthorized practice of law, the Court must determine the consequences of Mr. Gooch's actions.

### 1. Disgorgement

Mr. Gooch is not licensed to practice law. Although the advertisements issued by Mr. Gooch, the services offered by him, and the services that he rendered to the Debtors formed a contract that required Mr. Gooch to practice law in preparing documents for filing in the Debtor's bankruptcy, that contract is void as being contrary to public policy. Therefore, the Court will require Mr. Gooch to disgorge the $124.95 that he charged the Debtors.

### 2. Violation of § 110(i)(1)

Regarding Mr. Gooch's deceptive acts in violation of Section 110(i)(1), the Bankruptcy Code provides the appropriate remedy. The Court is to certify the deceptive act to the District Court, where on motion of the debtor, the trustee, or a creditor, Mr. Gooch may be made to pay, inter alia, the Debtor's actual damages, if any, up to $2,000.00, and reasonable attorney's fees and costs. 11 U.S.C. § 110(i)(1). Pursuant to Section 110(i)(1), the Court will certify Mr. Gooch's deceptive

act to the District Court.

### III. CONCLUSION

Based on the evidence presented at the show cause hearing, the Court finds that Mr. Gooch engaged in the unauthorized practice of law when he advised the Debtors about a creditor left off the Debtors' matrix. The Court also finds that Mr. Gooch engaged in the unauthorized practice of law by maintaining a website that provided specific and detailed answers to questions regarding the filing of a bankruptcy petition. It is clear that Mr. Gooch did not act as a mere scrivener; he exercised discretion and provided the Debtor with legal services that constituted a deceptive act pursuant to Section 110(i).

Based on Mr. Gooch's actions, the Court will (1) require Mr. Gooch to disgorge the $129.95 fee that he charged the Debtors for his services; (2) fine Mr. Gooch $50.00 for violating Section 110 (d) because he failed to provide the Debtors, at the time of signing the petition, with a copy of said petition; (3) fine Mr. Gooch $50.00 for violating Section 110(h) because he failed to provide, within ten days of the date of the filing of the petition, a declaration under penalty of perjury disclosing any fee received from or on behalf of the Debtors within twelve months immediately prior to the filing of the case and any unpaid fee charged to the Debtor; (4) fine Mr. Gooch $100.00 for violating Section 110 (i)(1) for engaging in conduct that subjects him to a criminal penalty; (5) enjoin Mr. Gooch from preparing any documents to be filed with this Court on behalf of any person other than himself, and (6) certify this matter to the District Court for consideration of sanctions and damages pursuant to Section 110(i). The Court will also send a copy of this opinion to the Guilford County District Attorney's Office in Greensboro, North Carolina, to consider if criminal prosecution is warranted for the unauthorized practice of law.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered contemporaneously herewith pursuant to Fed. R. Bankr. P. 9021.

## Parties in Interest

Michael D. West
P.O. Box 1828
Greensboro, NC 27402

Darlene Christian Medley
Rodney Lee Medley
6059 Grassy Island Road
Mount Gilead, NC 27306

Gordon L. Gooch
242 Minocqua Street
Park Forest, IL 60466

Charles M. Ivey, III
P.O. Box 3324
Greensboro, NC 27402


## Parties in Interest

Michael D. West
P.O. Box 1828
Greensboro, NC 27402

Darlene Christian Medley
Rodney Lee Medley
6059 Grassy Island Road
Mount Gilead, NC 27306

Gordon L. Gooch
242 Minocqua Street
Park Forest, IL 60466

Charles M. Ivey, III
P.O. Box 3324
Greensboro, NC 27402